UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MELISSA LANDRAU,

                        PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER OMAYRA
FELICIANO AND POLICE OFFICER JOLEEN
BRENNEISEN, individually, and in their capacity as
members of the New York City Police Department,

                    DEFENDANTS.

------------------------------------------------------------------------ x

**COMPLAINT**

**ECF CASE**

13.CV. 2427

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff Ms. Melissa Landrau ("Ms. Landrau") seeks
    relief for the violation of her rights secured by 42 USC 1983, the Fourth and
    Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about May 15, 2012, in which officers of the
    New York City Police Department ("NYPD"), acting under color of state law,
    intentionally and willfully subjected Ms. Landrau to false arrest and excessive force.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against
    defendants and an award of costs and attorneys' fees, and such other and further relief
    as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Ms. Landrau, is a citizen of the United States and at all times here relevant resided at 2267 Havilland Avenue, Apartment F, Bronx, NY 10462.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Omayra Feliciano, shield number 13145 ("PO Feliciano"), and Police Officer Joleen Brenneisen, shield number 19122, ("PO Brenneisen"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Landrau is an African American female.

11. At the time of the incident complained of herein, Ms. Landrau was 19 years old and pregnant with her first child.

12. On or about May 15, 2012, at approximately 10:00 am, Ms. Landrau was inside the Fine Fare Supermarket located at 1891 3ʳᵈ Avenue, in Manhattan.

13. Ms. Landrau attempted to leave the Fine Fare Supermarket but was stopped by an employee.

14. The employee asked Ms. Landrau to accompany him to the back room.

15. Mr. Landrau complied and accompanied the employee to a back room.

16. In the back room Ms. Landrau was informed by the employee that she was being investigated for shoplifting.

17. Ms. Landrau explained that she was not shoplifting, that she did not have any items on her person, and that no one saw her take anything.

18. The employee told Ms. Landrau that she could explain herself to the police.

19. A short time later PO Feliciano and PO Brenneisen arrived at Fine Fare Supermarket.

20. Ms. Landrau explained to PO Felicaino and PO Brenneisen that she did steal anything and that no one had seen her take anything.

21. PO Brenneisen told Ms. Landrau that they were going to arrest her.

22. Ms. Landrau became distraught and pleaded with the officers not to arrest her because she did not do anything and because she was pregnant.

23. PO Brenneisen told Ms. Landrau to shut up.

24. PO Brenneisen pulled at Ms. Landrau's arms in an attempt to handcuff her.

25. Ms. Landrau struggled with PO Brenneisen.

26. PO Brenneisen then threw Ms. Landrau to the ground and began to hit and kick her.

27. Ms. Landrau pleaded with PO Brenneisen to stop because she was pregnant.

28. PO Brenneisen refused and continued to attack Ms. Landrau.

29. PO Feliciano then also began to kick and hit Ms. Landrau.

30. While Ms. Landrau was on the ground, PO Brenneisen began to hit Ms. Landrau about the head with an ASP.

31. Ms. Landrau suffered a deep cut to her head as a result of PO Brenneisen hitting her with the ASP.

32. In an attempt to stop PO Brenneisen hitting her with the ASP, Ms. Landrau bit PO Brenneisen on the finger.

33. PO Brenneisen stopped hitting Ms. Landrau with the ASP.

34. Without probable cause or legal justification, PO Brenneisen arrested Ms. Landrau.

35. PO Brenneisen and PO Feliciano took Ms. Landrau to the 23rd Precinct to be processed.

36. While at the 23rd Precinct the Internal Affairs Bureau interviewed Ms. Landrau and took pictures of her injuries.

37. Ms. Landrau requested medical attention and was transported to Metropolitan Hospital where she was given 16 stitches to close the wound to her head.

38. Ms. Landrau was also forced to take an HIV test, even though she did not consent to be tested.

39. Ms. Landrau was then transported back to the 23rd Precinct, before being taken to Central Bookings in New York County to be arraigned.

40. On May 16, 2012, Ms. Landrau was arraigned and charged with two counts of Assault in the Second Degree, under New York Penal Law section 120.05 (3).

41. Ms. Landrau was released on her own recognizance.

42. On or about January 7, 2013, all charges against Ms. Landrau were dropped.

43. Ms. Landrau continues to feel traumatized by the events of May 2012, and is wary and fearful when she sees police officers.  Ms. Landrau takes efforts to avoid police officers when in public.

44. Ms. Landrau suffered physical injuries as a result of this incident, including a cut to her head that required 16 stitches, as well as bruising, redness and swelling all over her body.

45. Ms. Landrau suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

48. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

49. Defendants confined plaintiff.

50. Plaintiff was aware of, and did not consent to, her confinement.

51. The confinement was not privileged.

52. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

56. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

59. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

60. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

61. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          April 8, 2013

By: _____

Justin Delle Cave (JD 0896 )

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075